LANSING STATE SAVINGS BANK *v.* HARRINGTON.

FRAUDULENT CONVEYANCES —.HUSBAND AND WIFE — CONSIDERA-
TION—CLAIM AGAINST HUSBAND.

> A conveyance made by a husband, through a third person,
> to himself and wife jointly, at a time when the husband is
> deeply involved and has made false statements regarding his
> property and has incumbered his personal property by chat-
> tel mortgages which were not recorded, the deeds effecting
> the conveyance being executed at night and indorsed
> "please do not publish," before being recorded, and the
> claimed consideration for the transfer of an interest in the
> title to the wife being money earned by the wife and given
> to her husband from time to time as he asked for it, is clearly
> fraudulent as to creditors.

Appeal from Van Buren; Des Voignes, J.   Submitted
January 9, 1908.   (Docket No. 22.)   Decided February
15, 1908.

Bill in aid of execution by the Lansing State Savings
Bank against E. J. Harrington and others.   From a de-
cree dismissing the bill, complainant appeals.   Reversed,
and decree entered for complainant.

*Anderson & Warner*, for complainant.

*Thomas J. Cavanaugh*, for defendants.

HOOKER, J.   As originally filed this was a creditors'
bill also asking relief in aid of execution.   It was tried
below upon the latter theory, the execution having been
levied on 49 acres of land, deeded to defendant Harring-
ton and wife, who claim to own by entireties.   The com-
plainant appealed from a decree dismissing the bill.

The only important questions are of fact and are in
substance:

1. Whether defendant E. J. Harrington, who owned

the premises, and his wife, were chargeable with an attempt to defraud creditors by causing it to be conveyed, through Earl Burhans, to themselves.

2. Whether it was a homestead.

We are convinced that the land was not a homestead. It is contended that the interest in the land was conveyed to Mrs. Harrington in payment of a loan. She testified that in the year 1892 her father, a postmaster, employed her as clerk at $5 per week. She claims to have given money to her husband from time to time when he asked for it. She made no charges against him and testified that she did not expect him to return it, but expected him to take the title to a home, which they hoped sometime to buy, in her name or jointly. She did not know how much money she let him have, but thought it about $900.

He bought the farm sometime before and took the title in his own name. He became involved to the amount of some $10,000 or $12,000. He made false statements regarding his property, and incumbered his personal property by chattel mortgages, which were not recorded. While in this situation he and his wife went to a law office one night, the lawyer called in Burhans and the conveyances were made. Each was indorsed "please do not publish," before they were recorded. This impresses us as a clear case of fraud. Unlike some cases where conveyances to a wife have been sustained, the consideration was not money coming to the wife from her father's estate, but from her wages which were lawfully her husband's. *Foster* v. *Whelpley,* 123 Mich. 350.

The decree is reversed, and a decree will be entered for complainant against said E. J. Harrington for the amount due on complainant's judgments and interest and setting aside the conveyances aforesaid, and subjecting said premises to the execution aforesaid as prayed—unless the same be paid, with costs of both courts.

BLAIR, OSTRANDER, MOORE, and MCALVAY, JJ., concurred.